1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL PERRAULT,                              No.  2:23-cv-00857-CKD P

12            Plaintiff,

13        v.                                        ORDER

14   J. MOUA, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                            1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3         **I.        Screening Requirement**

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

17   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

18   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

19   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

20   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

21   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

22   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

23   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

24   McKeithen, 395 U.S. 411, 421 (1969).

25        **II.       Allegations in the Complaint**

26        At all times relevant to the allegations in the complaint, plaintiff was an inmate at Mule

27   Creek State Prison.  Named as defendants are a correctional counselor, the Captain for Facility A,

28   and the Associate Warden of Mule Creek.

1    Plaintiff contends that defendant Moua issued him a false rules violation report ("RVR")

2    that led to him being placed in administrative segregation, losing good time credits, as well as

3    visits and phone calls with his family members.  By the time that plaintiff's favorable inmate

4    witness was interviewed about the disciplinary charge, the witness had changed his story.

5    Defendant Hobbs failed to timely interview this inmate witness or to act upon the information

6    provided to him by plaintiff.  Defendant Huser had the power to correct plaintiff's loss of

7    privileges for the false rules violation, but he failed to do so.

8        By way of relief, plaintiff seeks compensatory and punitive damages.

9        **III.    Legal Standards**

10   The following legal standards are provided based on plaintiff's pro se status as well as the

11   nature of the allegations in the complaint.

12       **A.    Linkage**

13   The civil rights statute requires that there be an actual connection or link between the

14   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15   Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

16   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

17   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

18   in another's affirmative acts or omits to perform an act which he is legally required to do that

19   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

20   Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

21   link each named defendant with some affirmative act or omission that demonstrates a violation of

22   plaintiff's federal rights.

23       **B.    False Disciplinary Reports**

24   A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly

25   accused of conduct that may lead to disciplinary sanctions.  See Sprouse v. Babcock, 870 F.2d

26   450, 452 (8th Cir. 1989).  As long as a prisoner is afforded procedural due process in the

27   disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section

28   1983.  See Hanrahan v. Lane, 747 F.2d 1137, 1140– 41 (7th Cir. 1984).  An exception exists

3

1    when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as

2    when false charges are made in retaliation for an inmate's exercise of a constitutionally protected

3    right.  See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation

4    for a grievance filed by an inmate is actionable under section 1983).

5         **C.     Retaliation**

6         "Within the prison context, a viable claim of First Amendment retaliation entails five

7    basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

8    because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

9    exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

10   correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

11   Filing an inmate grievance is a protected action under the First Amendment.  Bruce v. Ylst, 351

12   F.3d 1283, 1288 (9th Cir. 2003).  A prison transfer may also constitute an adverse action.  See

13   Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and

14   destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate

15   grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison

16   transfer and double-cell status can constitute a cause of action for retaliation under the First

17   Amendment).

18        **D.     Supervisory Liability**

19        Government officials may not be held liable for the unconstitutional conduct of their

20   subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

21   ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability,

22   each Government official, his or her title notwithstanding is only liable for his or her own

23   misconduct.").  When the named defendant holds a supervisory position, the causal link between

24   the defendant and the claimed constitutional violation must be specifically alleged; that is, a

25   plaintiff must allege some facts indicating that the defendant either personally participated in or

26   directed the alleged deprivation of constitutional rights or knew of the violations and failed to act

27   to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

28   1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

1    **IV.    Analysis**

2         The court finds that the allegations in the complaint fail to state a claim for relief against

3    any named defendant.  Plaintiff does not allege a cognizable claim against defendant Moua who

4    allegedly wrote the false report about plaintiff because there is no allegation that it was written in

5    retaliation for plaintiff's prior grievances or other protected conduct.  Accordingly, plaintiff fails

6    to state a cognizable claim based on the issuance of this false report.  The claims against the

7    remaining two defendants are based solely on their supervisory roles over defendant Moua and,

8    therefore, do not state a valid claim for liability.  See Ashcroft v. Iqbal, 556 U.S. at 677.  For all

9    these reasons, the court will dismiss plaintiff's complaint.  The court will, however, grant plaintiff

10   leave to file an amended complaint.

11        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

12   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

13   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

14   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

15   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

16   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

17   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

18   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of

19   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

21   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

22   complaint be complete in itself without reference to any prior pleading.  This is because, as a

23   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

24   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

25   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

26   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

27        **V.    Plain Language Summary for Pro Se Party**

28        The following information is meant to explain this order in plain English and is not

1   intended as legal advice.

2        The court has reviewed the allegations in your complaint and determined that they do not

3   state any claim against the defendants.  Your complaint is being dismissed, but you are being

4   given the chance to fix the problems identified in this screening order.

5        Although you are not required to do so, you may file an amended complaint within 30

6   days from the date of this order.  If you choose to file an amended complaint, pay particular

7   attention to the legal standards identified in this order which may apply to your claims.

8        Accordingly, IT IS HEREBY ORDERED that:

9        1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 7) is granted.

10       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13   Director of the California Department of Corrections and Rehabilitation filed concurrently

14   herewith.

15       3.  Plaintiff's complaint is dismissed.

16       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

17   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19   assigned this case and must be labeled "Amended Complaint"; failure to file an amended

20   complaint in accordance with this order will result in a recommendation that this action be

21   dismissed.

22   Dated:  August 24, 2023

23                                                    _____
                                                     CAROLYN K. DELANEY
24                                                   UNITED STATES MAGISTRATE JUDGE

25

26   12/perr0857.14.new

27

28

6